890 A.2d 334

IN THE MATTER OF CAROLYN E. ARCH, AN ATTORNEY AT LAW (ATTORNEY NO. 219801965).

February 9, 2006.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–286, concluding that **CAROLYN E. ARCH** of **NEWARK**, who was admitted to the bar of this State in 1965, should be suspended from the practice of law for a period of three years for violating *RPC* 5.5(a)(unauthorized practice of law), *RPC* 8.1(b)(failure to cooperate in a disciplinary investigation), and *RPC* 8.4(d)(conduct prejudicial to the administration of justice);

And **CAROLYN E. ARCH** currently being suspended from practice pursuant to Orders of the Court filed January 8, 2004, and September 22, 2004, that imposed concurrent three-month terms of suspension effective February 5, 2004;

And good cause appearing;

It is ORDERED that **CAROLYN E. ARCH** is suspended from the practice of law for a period of three years and until the further Order of the Court, retroactive to May 5, 2004; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year and until the further Order of the Court; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of her suspension and that she continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.